

# THE ATTORNEY GENERAL
## OF TEXAS

August 24, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Joe Lucas  
El Paso County Attorney  
Room 201, City-County Building  
El Paso, Texas 79901

Opinion No. JM-773

Re: Whether an independent school district is authorized to use an electronic funds transfer system for direct deposit of employee paychecks

Dear Mr. Lucas:

You ask whether an independent school district may use an electronic funds transfer system to deposit an employee's paycheck directly into an account chosen by the employee.

In Attorney General Opinion MW-213 (1980), this office considered whether the state comptroller could issue a single pay warrant on magnetic tape covering all employees who designated a particular bank as their depository. Such a practice, the opinion stated, "would thwart the Comptroller's ability to comply with various statutes" such as article 4358, V.T.C.S., which required that different classes of pay warrants be printed on specific colors of paper and that the warrants be numbered serially. Furthermore, such requirements indicated that a "warrant" could not be issued solely by transfer of information on magnetic tape.

In 1981 the legislature amended article 4344b, V.T.C.S., to add section 3, which provides:

> Notwithstanding the provisions of any other statute, the Comptroller of Public Accounts may establish and operate an electronic funds transfer system to transfer directly into their accounts in financial institutions only: (i)employees' gross state salaries less deductions specifically authorized by state or federal law or reimbursement for travel and subsistence of employees, (ii) payments to annuitants by the Employees Retirement System of Texas or the Teacher Retirement System of Texas under either system's administrative jurisdiction, (iii) recurring payments to governmental entities, and

> (iv) payments to vendors designated by the Comptroller. An authorized payee must request in writing to participate in any electronic funds transfer system established and operated by the Comptroller of Public Accounts. A single transfer may contain payments to multiple payees without the necessity of issuing individual warrants for each payee. The Comptroller shall establish procedures for administering the system and may use the services of financial institutions, automated clearinghouses, and the federal government. The use of electronic funds transfer or any other payment means does not create any rights that would not have been created had an individual state warrant been used as the payment medium. . . .

A bill analysis for that bill that contained that provision states that the bill addresses the problem that the comptroller's "statutory duties impose many archaic procedures, hindering modern techniques for processing and handling funds, such as electronic fund transfers." Bill Analysis to S.B. 233, as amended, 67th Leg. Also, in 1985 the legislature enacted a statute to allow counties to use an electronic funds transfer system for payment of county officers and employees. V.T.C.S. art. 3912n (to be recodified after September 1, 1987, in the Local Government Code, Acts 1987, 70th Leg., ch. 149). See V.T.C.S. art. 1709a, §4 (requiring that counties expend money "by check or warrant") (to be recodified after September 1, 1987, in the Local Government Code, Acts 1987, 70th Leg., ch. 149).

You ask whether an independent school district may use an electronic funds transfer system absent specific statutory authority to do so. We think that it is within the discretion of the trustees to adopt such a system if it is reasonably necessary to the operation of the school district.

Section 23.26 of the Education Code sets out the powers of the trustees of an independent school district:

> (a) The trustees shall constitute a body corporate and in the name of the school district may acquire and hold real and personal property, sue and be sued, and receive bequests and donations or other moneys or funds coming legally into their hands.
>
> (b) The trustees shall have the exclusive power to manage and govern the public free schools in the district.

> (c) All rights and titles to the school property of the district, whether real or personal, shall be vested in the trustees and their successors in office.

> (d) The trustees may adopt such rules, regulations, and by-laws as they may deem proper. (Emphasis added.)

The delegation of power to school trustees has been liberally construed. Attorney General Opinion H-398 (1974). The court in Wilson v. Abilene Independent School District, 190 S.W.2d 406 (Tex. Civ. App. - Eastland 1945, writ ref. w.o.m.) held that it was within the authority of a school board to adopt a regulation prohibiting students from belonging to fraternities and sororities, saying,

> [School boards] may make all such rules and regulations as in their judgment are necessary to maintain an 'efficient' system of schools, subject to the limitation that there be no abuse of discretion, and that such regulations be not arbitrary, unreasonable or in violation of law.

190 S.W.2d at 412.

Section 20.48 of the Education Code provides that school funds may be used to pay the salaries of teachers and other school employees. Nothing in the statutes applicable to independent school districts, however, details how an independent school district is to make such payments or other authorized expenditures. Cf. Educ. Code §22.08(h)(providing that employees of common school districts are to be paid "on a check drawn on the county depository for the district"). See generally Educ. Code §§23.25 through 23.50 (provisions governing the budget and fiscal accounting system for independent school districts); Educ. Code §§23.71 through 23.80(provisions governing school depositories). We think that by failing to specify how employees are to be paid, the legislature left it to the discretion of school boards to determine how to make such payments. Payment in the form of a traditional check or warrant is not inherently more reasonable than payment by more modern means. Indeed, the legislative history of article 4344b, section 3, which states that existing statutes governing the state comptroller were "archaic" and "hindered" use of modern payment mechanisms, suggests that the legislature considers electronic funds transfer systems to be a quite reasonable system of payment. See Attorney General Opinion JM-66 (1983)(absent specific requirements governing transfer of funds within the treasury, state treasurer may use wire transfer system, instead of the historically used draft system, for the movement of funds within the treasury).

Furthermore, we do not interpret the enactment of article 4344b, section 3, or article 3912n--statutes that specifically authorize certain governmental bodies to use electronic funds transfer systems--to mean that a political subdivision may not use an electronic funds transfer system unless it is specifically authorized to do so.  As indicated, legislation was necessary to allow the comptroller to use such a system because existing statutes required payment in the form of traditional warrants.  Section 3912n may have been necessary to enable counties to use electronic funds transfer systems since the requirement in article 1709a, section 4, that counties expend money "by check or warrant" might otherwise prevent the use of such a system by a county.  See also Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948) (county has only those powers conferred upon it specifically or by necessary implication).  Statutes governing independent school districts, in contrast, simply authorize payment to employees; the exercise of discretion in doing so is not limited by statutes that govern how they are to pay employees.  Thus, unless use of such a system is prohibited by a valid regulation of the Central Education Agency, an independent school district may use an electronic funds transfer system to pay its employees.

## S U M M A R Y

An independent school district may use an electronic funds transfer system to pay its employees.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General